VICTOR K. SAPPHIRE (SBN 218634)
Email: vsapphire@gerardfoxlaw.com
GERARD FOX LAW, P.C.
1880 Century Park E., Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

Attorneys for Plaintiffs
OLIVIA IRENE GONZALES p/k/a
CHACHI GONZALES, and THE CHACHI
GONZALES BRANDS LLC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA IRENE GONZALES, a United States individual, THE CHACHI GONZALES BRANDS LLC, a Texas limited liability company,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GUADALUPE GONZALES, an individual, and CHACHIMOMMA INC., an unincorporated Texas company by its agent GUADALUPE GONZALES; and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. _____<br><br>COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES FOR:<br><br>1.  TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114;<br>2.  FALSE DESIGNATION OF ORIGIN AND/OR UNFAIR COMPETITION – 15 U.S.C. § 1125(a) AND COMMON LAW;<br>3.  MISREPRESENTATION AND PASSING OFF – 15 U.S.C. § 1125(a) AND COMMON LAW;<br>4.  FALSE ADVERTISING – 15 U.S.C. § 1125(a) AND COMMON LAW;<br>5.  TRADEMARK INFRINGEMENT – AT COMMON LAW;<br>6.  UNFAIR COMPETITION – CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ. AND COMMON LAW;<br>7.  MISAPPROPRIATION OF NAME AND LIKENESS – CAL CIV. CODE § 3344 ET SEQ.;<br>8.  VIOLATION OF RIGHT OF PUBLICITY – CAL. CIV. CODE § 3344 ET SEQ.; |



9.  VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT – TEX. BUS. & COM. CODE § 17.46

10. FALSE ADVERTISING – CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.;

11. COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 ET SEQ.;

12 CANCELLATION OF TRADEMARK REGISTRATIONS AND APPLICATIONS – 15 U.S.C. § 1119.

JURY TRIAL DEMANDED

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

1    Plaintiffs Olivia Gonzales p/k/a Chachi Gonzales ("CHACHI"), and The

2  Chachi Gonzales Brands, LLC ("CGB") (collectively, "Plaintiffs") complain and

3  allege as follows:

4                                **PARTIES**

5        1.      Plaintiff CHACHI is a United States individual, with her principal

6  place of residence located in Los Angeles County, California.

7        2.      Plaintiff CGB is a Texas limited liability company authorized to do

8  business and currently doing business in the State of California, with its principal

9  place of business located in Los Angeles County, California.

10        3.      Plaintiffs are informed and believe, and thereupon allege, that

11  defendant GUADALUPE GONZALES is a United States individual, with her

12  principal place of residence located in Houston, Texas.

13        4.      Plaintiffs are informed and believe, and thereupon allege, that

14  defendant CHACHIMOMMA INC. ("CMI") is an unincorporated business currently

15  doing business in California, with a principal place of business located at 6602

16  Wesleyan St., Houston, Texas 77005.

17        5.      GUADALUPE GONZALES and CMI are hereafter collectively

18  referred to as "CMI" and/or Defendants.

19        6.      Plaintiffs are unaware of the actions, names and/or true capacities of

20  Defendants, whether individual, corporate and/or partnership entities, named herein

21  as DOES 1 through 10, inclusive (the "DOE Defendants"), and therefore sue them

22  by their fictitious names.  Plaintiffs will seek leave to amend this complaint when

23  their actions and/or true names and capacities are ascertained.  Plaintiffs are

24  informed and believe, and thereupon allege, that said Defendants and the DOE

25  Defendants are in some manner responsible for the wrongs alleged herein, and that

26  at all times referenced each was the agent and servant of the other Defendants and

27  was acting within the course and scope of said agency and service.

28

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

7.     Plaintiffs are informed and believe, and thereupon allege, that at all relevant times herein, each of the Defendants herein, including the DOE Defendants (collectively, "Defendants"), directed, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their actions and/or inactions directed, ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## JURISDICTION AND VENUE

8.     This is a civil action for trademark infringement, misrepresentation, passing off, false advertising, false designation of origin and unfair competition arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act") and the common law; for unfair competition under California Business and Professions Code §§ 17200 *et seq.* and violation of Plaintiff CHACHI's right of publicity under California Civil Code § 3344, and the unlawful misappropriation of Plaintiff CHACHI's identity under California common law and other related rights under the statutory and common law of the State of California.

9.     This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as it involves claims arising under the Lanham Act.  This Court has supplemental subject matter jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because they are so related that they form part of the same case or controversy.

10.     This Court has personal jurisdiction over the Defendants in that they are doing business in the State of California and the Central District of California, and they are committing the acts hereinafter alleged in this State and the Central District of California.

11.     Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) in that Plaintiffs reside in this

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

1 District, Defendants are doing business in and are committing the acts hereinafter

2 alleged in this District and the events giving rise to the claim occurred in the Central

3 District of California.

4 **BACKGROUND FACTS**

5   12. Plaintiff OLIVIA "CHACHI" GONZALES is a 20 year-old dance

6 sensation whose work as a dancer and dance choreographer is widely revered

7 throughout America and the world.  She rose to wide renown through her

8 appearances on the popular nationally televised dance show, MTV's "America's

9 Best Dance Crew" (the "MTV Show"), in 2011 as the season's show winner.  Her

10 renown has continued to increase with the success of her career as a dancer,

11 choreographer and actress, and as a result of an active schedule of public and

12 broadcast appearances as a soloist and as part of the I.aM.mE dance group.  Ms.

13 Gonzales is the star of the online television series, "Chachi's World", which is

14 currently broadcasting its second season of half-hour episodes.

15   13. Her nickname, "CHACHI", which she has had since before she attained

16 professional renown, quickly became the popular professional name by which she is

17 known to audiences in the dance and television entertainment worlds.  Her

18 professional appearances as an entertainer on and off television have been seen by

19 hundreds of thousands, if not millions of consumers throughout the United States

20 and North America.  As a result, the CHACHI name and mark has become indelibly

21 associated with Plaintiff CHACHI GONZALES.

22   14. In or about 2011, CHACHI designed her own dance apparel items,

23 namely, stylized pants that she wore on the MTV Show.  She called the pants

24 "Chachimomma pants" (the "Pants").  She brought the idea and design to her

25 mother, defendant GUADALUPE GONZALES, who sewed the pants at and

26 according to CHACHI's direction.

27

28

3
COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

15. CHACHI and GUADALUPE GONZALES began manufacturing and selling the Pants at CHACHI's workshop after one of CHACHI's fellow students saw her wearing a pair of them.

16. As a result of their exposure via the MTV Show and other public events where they were worn by CHACHI, and due to Plaintiff's growing renown, the Pants became popular, and this popularity was reflected in online sales.

17. On March 19, 2011, GUADALUPE GONZALES filed a federal trademark application to register the mark CHACHIMOMMA (later amended to "CHACHI MOMMA") in the United States Patent and Trademark office in connection with "Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms".

18. In the CHACHIMOMMA application, she declared under oath that, "being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration," that "[she] believe[d] the applicant to be the owner of the trademark/service mark sought to be registered" and that, "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true." However, nowhere in the application materials did she reference her daughter CHACHI GONZALES or her daughter's rights in the subject mark.

19. GUADALUPE GONZALES knew at the time of signing the foregoing application that her daughter, CHACHI GONZALES, had a claim of ownership to

the subject mark and the subject mark's component term "CHACHI", which had by then for several years already been CHACHI GONZALES' professional name.

20.    GUADALUPE GONZALES has since that time continuously traded off the name and identity of Plaintiffs in connection with the sale of the Pants through her unincorporated retail business operating under the misleading name "CHACHIMOMMA INC.", using the marks CHACHI, CHACHIMOMMA, and CHACHI PANTS in connection with the marketing and sale of the Pants and other dance-related merchandise.

21.    Around the same time, and also without the authorization or involvement of CHACHI GONZALES, GUADALUPE GONZALES entered into a licensing arrangement with Infusion, Inc., a marketing services company based in Michigan, in connection with certain products and services associated with CHACHI GONZALES, including the Pants.

22.    On or about January 9, 2012, GUADALUPE GONZALES and CMI executed an exclusive license agreement (the "Licensing Agreement").

23.    CHACHI GONZALES was an unemancipated minor at the time of execution of the Licensing Agreement and was identified as a party thereto, despite being unaware of the existence of the agreement. She did not review nor sign the document.

24.    Rather, and without CHACHI GONZALES' consent, authorization, or knowledge, GUADALUPE GONZALES signed as "Olivia Gonzales, a minor", and as "providing consent to this agreement as mother and legal guardian of Olivia Gonzales".

25.    Infusion had made payments pursuant to the terms of the Licensing Agreement of at least $90,000.00 as of November 2012, by Infusion's own allegation.

26.    Under the express terms of the Licensing Agreement, Infusion paid Defendants $10,000.00 per month for an extendable term of 24 months.

27.     Even though they were California residents at the time of CHACHI GONZALES' involvement in the MTV show and the execution of the Licensing Agreement, GUADALUPE GONZALES did not obtain approval of the California Courts as required by California Family Code 6750 *et. seq.*, nor did she and/or her husband set aside CHACHI GONZALES' income from the foregoing acting, performing, and related activities in trust for the benefit of the then-minor CHACHI GONZALES.

28.     As a result of Defendants' conduct described herein, CHACHI GONZALES has never received adequate compensation and/or revenues resulting from the Licensing Agreement, nor was any revenue put into trust on her behalf.

29.     Instead, earnings due CHACHI GONZALES from her performing and acting work were spent by her parents on endeavors not relating to her or her career advancement, including without limitation paying to have prepared and filed a design patent for the Pants in GUADALUPE GONZALES' sole name as inventor and owner, U.S. Patent No. D668,024.

30.     CHACHI GONZALES eventually became estranged from her mother GUADALUPE GONZALES concerning the matters herein described.  As a result, CHACHI GONZALES was adjudicated an emancipated minor.

31.     Defendants have made no effort to seek Plaintiff's consent for the use of the CHACHI mark and CHACHI GONZALES' name and likeness, and CHACHI GONZALES' "Dotheads" design mark and copyrighted images, nor have Defendants compensated Plaintiffs for their unauthorized use of the foregoing properties.

32.     GUADALUPE GONZALES has now filed several additional United States federal trademark applications for the marks CHACHI, CHACHI MOMMA and CHACHIPANTS in connection with a range of apparel and merchandise goods and associated retail services (collectively, the "Applications").  Said Applications include United States Application Serial Nos. 86490519, 86490522, 86490548,

86490576, 86490857, and 86490858.  The '576 Application has since matured into U.S. Trademark Registration No. 4782005.

33.    The CHACHI mark and name is owned by OLIVIA "CHACHI" GONZALES and has been used professionally by her in connection with her activities as a dancer, performer, choreographer, designer and actress since at least as early as 2010.

34.    Plaintiffs are marketing their own brand of apparel and the presence of the misleading CHACHI MOMMA branded goods of Defendants are causing confusion among consumers in the market, who mistakenly believe that Defendants' goods are sponsored, authorized, endorsed, affiliated and/or otherwise associated with Plaintiffs, which is not the case.

35.    One of Plaintiffs' design elements used in connection with their apparel goods is a cartoon creature comprising an abstract shaped character with three eyes, known as a "Dothead".  Plaintiffs own trademark rights and the copyright in the Dothead design.  The Dothead has come to be associated with Plaintiffs' goods and the good will associated therewith inures to the sole and exclusive benefit of Plaintiffs.

36.    Plaintiffs and their associates working on Plaintiffs' behalf have expended great effort and substantial sums of money in making and overseeing performances and merchandise under the officially licensed/endorsed imprimatur of CHACHI GONZALES, which has become well-known to relevant audiences throughout the United States and the world.  In so doing, the CHACHI mark has come to symbolize a certain level of quality and consistency in connection with all products bearing, sold under, and/or in conjunction with the mark.  The CHACHI mark symbolizes the goodwill created by Plaintiffs' creative endeavors in dance and entertainment and associated ancillary merchandise.

37.    As a result of the high quality of products sold under and/or in conjunction with CHACHI GONZALES, and as a result of the subsequent success

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

of advertising, sale and consumer acceptance of those products, consumers have come to view the CHACHI mark as exclusively identifying products associated with the group comprising Plaintiff CHACHI GONZALES.

38.     Plaintiff's success in her entertainment endeavors has resulted in significant audience curiosity and excitement for the CHACHI name and mark, leading to interest in ancillary merchandise including apparel associated with or authorized by Plaintiffs.

39.     CHACHI GONZALES and THE CHACHI GONZALES BRANDS, an entity of which CHACHI GONZALES is a principal member and which she controls, have the sole and exclusive worldwide rights to use and/or to control the use of the CHACHI marks, and colorable imitations thereof, in connection with dance-related goods and services including live performances, audiovisual recordings and ancillary merchandise such as dance apparel like the Pants, in order to prevent the infringement, disparagement, dilution and/or other misappropriation thereof.

40.     CHACHI GONZALES and THE CHACHI GONZALES BRANDS have the sole and exclusive worldwide rights to use and/or to control the use of the Dothead design and design mark, and colorable imitations thereof, in connection with apparel goods and related retail services, in order to prevent the infringement, disparagement, dilution and/or other misappropriation thereof.

41.     Neither the CHACHI mark, the Dothead design mark, (collectively, the "CGB Marks"), nor any derivative(s) thereof, have been assigned or licensed to the Defendants for any purpose, and Defendants use the CGB marks without the consent or authorization of Plaintiffs.

42.     Defendants have appropriated Plaintiff CHACHI GONZALES' name and likeness in adopting and marketing products popularized by Plaintiff under the names CHACHI MOMMA, CHACHI, and CHACHI PANTS.

43.     Defendants have advertised their business and products, including without limitation the Pants, using a photograph of Plaintiff wearing a shirt prominently featuring the Dothead design, with a Dothead design mark superimposed on the photograph alongside the false statement, "Chachi Pants:  A Chachi Gonzales Brand".

44.     At the time Defendants were using the photograph, Dothead mark and false and misleading statement alleging an affiliation with Plaintiff CHACHI GONZALES and/or Plaintiff THE CHACHI GONZALES BRANDS, Defendants knew that their statements were false because the Pants sold under Defendants' CHACHI MOMMA and CHACHI PANTS marks were not sponsored by, affiliated, or otherwise associated with Plaintiffs, and Defendants were acting without the agreement, consent, or authorization granted by Plaintiffs

45.     Defendants were aware of Plaintiffs objection to Defendants' use of "CHACHI" and her name and likeness long before the filing of this law suit.

46.     The appropriation of the CGB Marks by Defendants alleged herein, being in connection with the commercial sale of apparel, was and is to Defendants' commercial and other advantage.

47.     Defendants' unauthorized and misleading use of the CGB marks has caused and will continue to cause great injury to Plaintiffs.

## DEFENDANTS' UNLAWFUL ACTIVITIES

48.     Plaintiffs are informed and believe, and thereupon allege, that each of the foregoing actions of the Defendants will falsely mislead and/or confuse consumers about the source of origin, association, sponsorship, approval or other business relationship between the Plaintiffs on the one hand, and the Defendants' goods and services on the other.

49.     Defendants' use of the CHACHI mark, or colorable or confusingly similar imitations thereof like CHACHI PANTS and CHACHI MOMMA, is unfair, unlawful, and is likely to lead consumers to mistakenly and/or falsely believe that

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

1   Defendants' goods are associated with, or made, sponsored, or approved by

2   CHACHI GONZALES and/or THE CHACHI GONZALES BRANDS, which is not

3   the case.  Defendants will likely unfairly benefit from Plaintiffs' valuable goodwill

4   and hard-earned reputation for excellence, quality and consistency.

5         50.     Defendants' false and misleading statements that CHACHI PANTS is

6   "A Chachi Gonzales Brand" was calculated to lead consumers to mistakenly and/or

7   falsely believe that Defendants' goods are associated with, or made, sponsored, or

8   approved by CHACHI GONZALES and/or THE CHACHI GONZALES BRANDS,

9   or that Defendants' business was in fact THE CHACHI GONZALES BRANDS or a

10  division or subsidiary thereof, none of which is the case.  Defendants will likely

11  unfairly benefit from Plaintiffs' valuable goodwill and hard-earned reputation for

12  excellence, quality and consistency.

13        51.     Defendants' use of the Dothead design mark in its website advertising

14  and the promotion of its goods is unfair, unlawful, and is likely to lead consumers to

15  mistakenly and/or falsely believe that Defendants' goods are associated with, or

16  made, sponsored, or approved by CHACHI GONZALES and/or THE CHACHI

17  GONZALES BRANDS, or that Defendants' business was in fact THE CHACHI

18  GONZALES BRANDS or a division or subsidiary thereof, or that Plaintiffs'

19  business and goods belong to Defendants, none of which is the case.  Defendants

20  will likely unfairly benefit from Plaintiffs' valuable goodwill and hard-earned

21  reputation for excellence, quality and consistency.

22        52.     As a result of their misconduct as alleged herein, Defendants have

23  acquired a cachet and salability for their products which they would not otherwise

24  have had.  These consequences were foreseeable at the time Defendants adopted the

25  name CHACHI MOMMA and filed applications to register the marks CHACHI

26  MOMMA, CHACHI PANTS, and of course, CHACHI, and when Defendants began

27  using the name and likeness of Plaintiff CHACHI GONZALES and the Dothead

28  design mark without her consent to promote Defendants' goods.

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

53.    Plaintiffs are informed and believe, and thereupon allege, that as a proximate result of the advantage accruing to Defendants' business as a proximate result of confusion, deception and/or mistake caused by Defendants' wrongful conduct as alleged herein, Defendants have received illicit profits and wrongful gains, and Plantiffs have suffered damages.

54.    Plaintiffs are further informed and believe, and thereupon allege, that Defendants' actions alleged above are willful, intentional, objectively unreasonable and malicious.  Given the nature and extent of the unauthorized use and attempted registration of the CHACHI Trademarks, Plaintiffs are further informed and believe, and thereupon allege that Defendants' actions and infringements are willful and objectively unreasonable, such that Plaintiffs are entitled to recover enhanced damages and attorneys' fees.

# FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
(15 U.S.C. §§ 1114, 1125(a))

55.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 54 as though fully set forth herein.

56.    Plaintiffs own the CHACHI and Dothead design trademarks, which are valid and protectable under common law.

57.    Plaintiffs' CHACHI Mark has been used, continuously, in interstate commerce since at least as early as 2011, and Plaintiffs' Dothead design mark has been used continuously in interstate commerce since at least as early as 2014, both marks having been so used in connection with entertainment services and ancillary apparel merchandise.

58.    Defendants' use of the marks is likely to cause consumer confusion, thereby infringing upon Plaintiffs' rights to the marks.

59.    The aforesaid acts of Defendants constitute infringement and/or contributory infringement of the CGB Marks, in violation of Section 32(l) of the

1    activities, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and/or

2    common law.

3         66.    Defendants' acts as alleged above misrepresent the nature,

4    characteristics and/or qualities of Defendants' goods, services, activities or

5    information in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) and/or

6    common law.

7         67.    Defendants' misrepresentations and false designation as alleged herein

8    are likely to cause have a substantial economic impact on interstate commerce, and

9    interfere with and affect Plaintiffs' ability to license and profit from Plaintiffs'

10   CHACHI name and mark, as well as from the Pants.

11        68.    As a result of the foregoing, Plaintiffs have been injured, and

12   Defendants have received illicit profits and wrongful gains.

13        69.    Defendants' conduct has also caused, and if not enjoined, will continue

14   to cause, irreparable damage to the Name, as well as to CHACHI GONZALES'

15   good name, reputation and goodwill, in a manner that cannot be calculated or

16   compensated in money damages.  Plaintiffs have no adequate remedy at law.

**THIRD CAUSE OF ACTION**

**MISREPRESENTATION AND PASSING OFF**

(15 U.S.C. § 1125(a) and Common Law)

20        70.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 69

21   as though fully set forth herein.

22        71.    With knowledge of Plaintiffs' rights in the Name, Defendants continue

23   to make use of a colorable imitation of the Name, including without limitation

24   through the sale of apparel, including without limitation pants designed by CHACHI

25   GONZALES, in order to capitalize on the good name, notoriety, reputation and

26   goodwill of Plaintiffs in connection with the Name, and CHACHI GONZALES

27   individually.

28

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

72.     Defendants likewise make use of the Dotheads design mark with knowledge of Plaintiffs' rights therein, including without limitation through the promotion and sale of the Pants, in order to capitalize on the implied association with Plaintiffs' officially authorized apparel line, and on the good name, notoriety, reputation and goodwill of Pliantiffs in connection with the Name, and CHACHI GONZALES individually.

73.     Defendants' acts as alleged above are unlawful by, *inter alia,* passing themselves off and/or permitting others to pass Defendants off as the provider of dance apparel endorsed, authorized, sponsored, affiliated or otherwise associated with CHACHI GONZALES, in a manner which is likely to cause confusion, or cause mistake, or deceive consumers as to the affiliation, connection, or association between Defendants and Plaintiffs, or as to the origin, sponsorship, or approval by Plaintiffs of Defendants' goods, services and/or activities, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and/or common law.

74.     Defendants' acts as alleged above misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, activities or information in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) and/or common law.

75.     As a result of the foregoing, Plaintiffs have been injured, and Defendants have received illicit profits and wrongful gains.

76.     Defendants' conduct has also caused, and if not enjoined, will continue to cause, irreparable damage to the Name and thus to Plaintiffs, as well as to Plaintiffs' good name, reputation and goodwill, in a manner that cannot be calculated or compensated in money damages.  Plaintiffs have no adequate remedy at law.

# FOURTH CAUSE OF ACTION

## FALSE ADVERTISING

### (15 U.S.C. § 1125(a))

77. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 76 as though fully set forth herein.

78. In engaging in the conduct set forth above, Defendants have made one or more false and/or misleading statements of fact in their commercial advertisements about the Pants.

79. Defendants' statements alleging that CHACHI PANTS and, by extension, CHACHI MOMMA, were "A Chachi Gonzales Brand" deceived or had the capacity to deceive a substantial segment of potential consumers.

80. Defendants' conduct constitutes material deception, in that it is likely to influence consumers' purchasing decisions by misleading them into believing that Defendants' goods are authorized goods sold under the imprimatur of Plaintiffs.

81. Defendants' goods are advertising and sold in interstate commerce.

82. By the aforesaid acts, Defendants have engaged in and are engaging in false advertising in violation of 15 U.S.C. § 1125(a).

83. If Defendants are permitted to continue with the aforesaid acts and conduct, Plaintiffs will continue to be irreparably injured by reason of Defendants' false advertising.  Defendants have proceeded and are proceeding with the aforesaid acts deliberately and willfully.  Unless enjoined by this Court, Plaintiffs are informed and believe, and thereon allege, that there is a substantial possibility and threat of ongoing false advertisement by Defendants for which Plaintiffs are without adequate remedy at law.

84. In addition, Plaintiffs are informed and believe, and thereon allege, that Defendants' acts have resulted and will continue to result in substantial profits to Defendants to which they are not entitled.  Disgorgement of all money and property, including profits, illegally obtained by Defendants by means of such unfair business

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

1   acts and practices should be ordered by this Court pursuant to California Business

2   and Professions Code §17535..

3                        **FIFTH CAUSE OF ACTION**

4                **COMMON LAW TRADEMARK INFRINGEMENT**

5                             (Common Law)

6       85.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 84

7   as though fully set forth herein.

8       86.    The aforesaid acts of Defendants constitute infringement and/or

9   contributory infringement under common law of the CHACHI Mark owned by the

10  Plaintiff CHACHI GONZALES.

11      87.    As a result of the foregoing infringement, Plaintiffs have been injured,

12  and Defendants have received illicit profits and wrongful gains.

13      88.    By reason of Defendants' acts as alleged herein, Plaintiffs have also

14  suffered, are suffering, and will continue to suffer irreparable damage and, unless

15  Defendants are restrained from continuing their wrongful acts, the damage to

16  Plaintiffs will increase.  Plaintiffs have no adequate remedy at law for such harm.

17                        **SIXTH CAUSE OF ACTION**

18                        **UNFAIR COMPETITION**

19   (California Business and Professions Code §§ 17200 *et seq.* and at Common Law)

20      89.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 88

21  as though fully set forth herein.

22      90.    Defendants, by virtue of their unlawful, unfair, and/or fraudulent acts as

23  alleged above, have willfully, knowingly and intentionally engaged in acts of unfair

24  competition under California Business and Professions Code § 17200 *et seq.*,

25  including without limitation, palming off, and/or attempting to palm off, and/or

26  enabling others to palm off their goods and services as products and performances

27  made by, sponsored by, or authorized by the Plaintiffs, including CHACHI

28  GONZALES.

1    91.    As a result of the foregoing, Plaintiffs have been injured, and
2  Defendants have received illicit profits and wrongful gains.

3    92.    Defendants' conduct has also caused, and if not enjoined, will continue
4  to cause irreparable damage to Plaintiffs in a manner that cannot be calculated or
5  compensated in money damages.  Plaintiffs have no adequate remedy at law for
6  such harm.

7                        **SEVENTH CAUSE OF ACTION**
8            **MISAPPROPRIATION OF NAME AND LIKENESS**
9                        (Cal Civ. Code § 3344 *et seq.*)

10    93.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 92
11  as though fully set forth herein.

12    94.    Defendants, by virtue of their acts as alleged above, have willfully,
13  knowingly, maliciously, and intentionally misappropriated Plaintiff CHACHI
14  GONZALES' name and likeness in adopting and marketing products under the
15  name CHACHIMOMMA and/or CHACHI MOMMA, to Defendants' commercial
16  and other advantage, in violation of the statutory and common law of the State of
17  California.

18    95.    As a result of the foregoing, Plaintiffs have been injured, and
19  Defendants have received illicit profits and wrongful gains.

20    96.    Defendants' conduct has also caused, and if not enjoined, will continue
21  to cause irreparable damage to Plaintiffs in a manner that cannot be calculated or
22  compensated in money damages.  Plaintiffs have no adequate remedy at law for
23  such harm.

24    97.    Defendants' conduct has been willful, deliberate and malicious.

25
26
27
28

# EIGHTH CAUSE OF ACTION
## VIOLATION OF RIGHT OF PUBLICITY
### (Cal Civ. Code § 3344 *et seq.*)

98.   Plaintiffs repeat and reallege the allegations in paragraphs 1 through 97 as though fully set forth herein.

99.   Defendants, by virtue of their acts as alleged above, have willfully, knowingly, maliciously, and intentionally violated Plaintiff CHACHI GONZALES' right of publicity in using without authorization her name and likeness in adopting and marketing products under the name CHACHIMOMMA and/or CHACHI MOMMA, to Defendants' commercial and other advantage, including without limitation seeking federal trademark registration of CHACHI GONZALES' professional name CHACHI as well as other "CHACHI" marks without her consent, in violation of the statutory and common law of the State of California.

100.   As a result of the foregoing, Plaintiffs have been injured, and Defendants have received illicit profits and wrongful gains.

101.   Defendants' conduct has also caused, and if not enjoined, will continue to cause irreparable damage to Plaintiffs in a manner that cannot be calculated or compensated in money damages.  Plaintiffs have no adequate remedy at law for such harm.

102.   Defendants' conduct has been willful, deliberate and malicious.

# NINTH CAUSE OF ACTION
## TEXAS DECEPTIVE TRADE PRACTICES ACT
### (Tex. Bus. & Com. Code § 17.46)

103.   Plaintiffs repeat and reallege the allegations in paragraphs 1 through 102 as though fully set forth herein

104.   By the conduct alleged herein, Defendants have willfully, knowingly, maliciously, and intentionally commited false, misleading and deceptive practices including, without limitation, use of the term "corporation," "incorporated," or an

abbreviation of either of those terms in the name of a business entity that is not incorporated under the laws of the state of Texas or another jurisdiction, in unlawful violation of the Texas Deceptive Trade Practices Act.

105.   As a result of the foregoing, the consuming public, as well as Plaintiffs, have been injured, and Defendants have received illicit profits and wrongful gains.

106.   Defendants' conduct has also caused, and if not enjoined, will continue to cause irreparable damage to Plaintiffs and the broader consuming public in a manner that cannot be calculated or compensated in money damages.  Plaintiffs have no adequate remedy at law for such harm.

## TENTH CAUSE OF ACTION
## FALSE ADVERTISING

(California Business & Professions Code §§17500 et seq. and Common Law)

107.   Plaintiffs repeat and reallege the allegations in paragraphs 1 through 106 as though fully set forth herein.

108.   In engaging in the aforesaid fraudulent acts, Defendants have acted and are continuing to act, directly or indirectly, with the intent to sell and/or induce the public to purchase and/or disseminate and/or cause to be disseminated before the public, by way of publications or other advertising devices, statements concerning Defendants' goods and services which are untrue and/or misleading, and which Defendants know, or upon exercise of reasonable care should know, are untrue and/or misleading.  Such false advertising has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive the consuming public.

109.   By the aforesaid acts, Defendants have engaged in and are engaging in false advertising in violation of California Business and Business Code §17500 et seq.

110.   If Defendants are permitted to continue with the aforesaid acts and conduct, Plaintiffs will continue to be irreparably injured by reason of Defendants' false advertising.  Defendants have proceeded and are proceeding with the aforesaid

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

1    acts deliberately and willfully.  Unless enjoined by this Court, Plaintiffs are

2    informed and believe, and thereon allege, that there is a substantial possibility and

3    threat of ongoing false advertisement by Defendants for which Plaintiffs are without

4    adequate remedy at law.

5         111.   In addition, Plaintiffs are informed and believe, and thereon allege, that

6    Defendants' acts have resulted and will continue to result in substantial profits to

7    Defendants to which they are not entitled.  Disgorgement of all money and property,

8    including profits, illegally obtained by Defendants by means of such unfair business

9    acts and practices should be ordered by this Court pursuant to California Business

10   and Professions Code §17535.

11   **ELEVENTH CAUSE OF ACTION**

12   **<u>COPYRIGHT INFRINGEMENT</u>**

13   (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

14        112.   Plaintiffs repeat and reallege the allegations in paragraphs 1 through

15   111 as though fully set forth herein.

16        113.   Plaintiffs are the owner of a valid copyright in the Dothead design.

17        114.   Defendants have willfully infringed, and unless enjoined, will continue

18   to infringe Plaintiffs' copyright by knowingly reproducing, displaying, distributing,

19   utilizing, and commercializing the Dothead design for purposes of trade without

20   authorization of or payment to Plaintiffs in violation of 17 U.S.C. § 501 *et seq*.

21        115.   Defendants' acts are willful because, inter alia, they had full knowledge

22   of Plaintiffs' ownership of rights in the Dothead design.

23        116.   On information and belief, Defendants have received substantial

24   benefits in connection with the unauthorized reproduction, display, distribution and

25   utilization of the Dothead design for purposes of trade, including by using the image

26   in its advertising for the Pants and thereby increasing the potential sales of their

27   products.

28

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

117.   Defendants' actions were and are performed without the permission, license or consent of Plaintiffs.

118.   Defendants' wrongful acts have caused, and are causing, great injury to Plaintiffs, of which damages cannot be accurately computed, and unless this Court restrains Defendants' from further commission of said acts, Plaintiffs will suffer irreparable injury, for all of which it is without an adequate remedy at law.

119.   Accordingly, Plaintiffs seek a declaration that Defendants are infringing Plaintiffs' copyright and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiffs' copyright.

120.   As a result of Defendants' acts alleged herein, Plaintiffs have suffered and are suffering substantial damage to their business in the form of dilution of their valuable intellectual property rights and designs, diversion of trade, loss of profits, injury to goodwill and reputation, all of which are not yet fully ascertainable.

121.   Because the willful nature of the copyright infringement alleged herein, Plaintiffs are entitled to an award of statutory damages to the extent such damages are available to them.

122.   Alternatively, Plaintiffs are entitled to actual damages in an amount to be proven at trial for the infringement of the works at issue, as well as injunctive relief against Defendants concerning any going-forward use of the Dothead design or any facsimile thereof, for any purpose.

123.   Plaintiffs are entitled to their attorneys' fees in prosecuting this action.

## TWELFTH CAUSE OF ACTION

## CANCELLATION OF THE GONZALES REGISTRATIONS

## AND ABANDONMENT OF THE GONZALES APPLICATIONS

124.   Plaintiffs repeat and reallege the allegations in paragraphs 1 through 122 as though fully set forth herein.

125.   Defendants' "CHACHI" registrations are less than five years old.

126. As a first and independent ground for cancellation of the Gonzales Registrations and Applications, The Gonzales Registrations were granted improperly because the purported marks shown in the registrations disparage and/or falsely suggest a connection with a living person – Olivia "Chachi" Gonzales – which may bring her reputation and brand into contempt or disrepute. 15 U.S.C. §§ 1052(a), 1064(1).

127. As a second and independent ground for cancellation of the Gonzales Registrations and Applications, the Gonzales Registrations were granted improperly because the purported marks shown in the registrations are likely to cause confusion with and/or dilution to the CGB Marks, owned by Plaintiffs, and Plaintiffs' rights predate Defendants' first use of the marks shown in the Gonzales Registrations. 15 U.S.C. §§ 1052(d), 1064(1).

128. As a third and independent ground for cancellation of the Gonzales Registrations and Applications, the Gonzales Registrations were obtained by fraud. Specifically, Defendants had actual knowledge of CHACHI GONZALES, her reputation in dance and entertainment, and her distinctive apparel designs at the time they filed the applications that resulted in the Gonzales Registrations and Applications. Yet, in each application leading to the Gonzales Registrations and Applications, Defendants and/or their authorized representative signed declarations falsely stating that Defendants:

> [are] the owner[s] of the trademark/service mark sought to be registered … [and] to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive . . . . (the "Declarations").

129.   The Declaration also expressly provides that "willful false statements, and the like, may jeopardize the validity of the application or any resulting registration."

130.   Defendants could not have truthfully believed, at the time they (and/or their authorized representative) signed the Declarations, that they had the right to use the names CHACHI, CHACHI PANTS, or CHACHI MOMMA in connection with apparel goods or retail services in connection therewith, or with the other goods and services identified in the Gonzales Registrations and Applications, or the right to use the distinctive Dothead design, or to use the name and/or likeness of CHACHI GONZALES.  To the contrary, Defendants' use of such names and designs was completely unauthorized.  In making this false declaration to the USPTO, Defendants intended to deceive the USPTO and intended to procure registrations to which they were not entitled.  15 U.S.C. § 1064(3).

131.   In view of Plaintiffs' allegations above, including with regard to their ownership of the CGB Marks, Plaintiffs believe that they are or will be damaged by the continued registration of the Gonzales Registrations, U.S. Registrations Nos. 4220215 and 4782005, and by the grant of registration to the Applications.

132.   This Court has the power and authority to cancel U.S. Registrations Nos. 4220215 and 4782005, and to invalidate U.S. Applications Nos. 86490519, 86490522, 86490548, 86490857, and 86490858 under 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against Defendants as follows:

## INJUNCTIVE RELIEF:

For preliminary and permanent injunctive relief that:

1.       Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all persons acting for, with, by,

1    through or under them, and each of them, be temporarily restrained from, and

2    preliminarily and thereafter permanently enjoined and restrained from:

3            a.    seeking to register and/or using in any manner the CHACHI

4    mark, or any word, words, packaging or trade dress likely to cause confusion

5    therewith, including without limitation the marks CHACHI, CHACHIMOMMA,

6    CHACHI MOMMA and/or CHACHI PANTS, in connection with the sale,

7    manufacture, distribution, advertising or promotion of their goods and services,

8    including but not limited to wearing apparel and ancillary merchandise such as the

9    Pants, so long as such goods and/or services do not emanate from, do not originate

10   with, or are not licensed by the Plaintiffs; or,

11           b.    using any false designation of origin or false description that can,

12   or is likely to, lead the public, or individual members thereof, to believe that any

13   goods and services created, distributed, or sold by Defendants, including but not

14   limited to retail services, apparel and other merchandise, is in any manner associated

15   or connected with the Plaintiffs, or is sold, manufactured, licensed, sponsored, or

16   approved or authorized by the Plaintiffs; or,

17           c.    doing or causing to be done any further acts in violation of

18   California Business and Professions Code § 17500 *et seq.*; or,

19           d.    using in any manner the name, likeness, and/or other publicity

20   rights of Plaintiffs; or,

21           e.    using the false and misleading "INC." designation in connection

22   with any unincorporated business entity, including without limitation

23   "CHACHIMOMMA INC."

24           f.    otherwise engaging in any other activity constituting an

25   infringement of the CHACHI name and mark, any other trademark or copyright

26   owned by or associated with Plaintiffs including without limitation the Dothead

27   design mark, any name, likeness, and/or publicity rights belonging to Plaintiffs,

28   and/or from unfairly competing with Plaintiffs in any way.

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

2.      Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Injunction and Order.

**DAMAGES:**

3.      Defendants be required to account for and pay over to Plaintiffs all damages sustained by Plaintiffs and any and all profits realized by Defendants by reason of their unlawful acts alleged herein, in an amount to be proven at trial, and that such amounts be trebled, as and where provided by law.

4.      Defendants be required to disgorge all money and property, including profits, illegally obtained by Defendants as a result of their false advertising acts and practices pursuant to all applicable statutes and common law including, without limitation, 15 U.S.C. § 1125(a) and California Business and Professions Code § 17535 *et seq.*

5.      Defendants pay Plaintiffs increased, enhanced, and/or punitive damages to the fullest extent authorized by law for their oppression, fraud, and malice for their violation of Plaintiffs' rights under common law.

6.      Defendants be required to pay to Plaintiffs all of Plaintiffs' costs, disbursements and attorneys' fees in this action.

**OTHER RELIEF:**

7.      Cancellation of U.S. Trademark Registration No. 4220215 and 4782005, pursuant to 15 U.S.C. § 1119.

8.      Express abandonment/cancellation/invalidation of United States Application Serial Nos. 86490519, 86490522, 86590548, 86590576, 86590857, and 86590858.

9.      Plaintiffs have such other and further relief as the Court may deem appropriate to prevent the infringement of the CHACHI mark, and to prevent further and/or additional acts of unfair competition, and each of them.

1    10.    For prejudgment interest.

2    11.    Plaintiffs have such other relief as the Court deems proper.

3

4    DATED:  October 17, 2016            GERARD FOX LAW, P.C.

5

6

7                                       By: _____
                                            Victor K. Sapphire
8                                           Attorneys for Plaintiffs
                                            CHACHI GONZALES
9                                           THE CHACHI GONZALES BRANDS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs Olivia Gonzales p/k/a Chachi Gonzales and The Chachi Gonzales Brand s hereby demand a jury trial in this action.

DATED:  October 17, 2016          GERARD FOX LAW, P.C.


By: _____
                        Victor K. Sapphire
                     Attorneys for Plaintiffs
                     CHACHI GONZALES
              THE CHACHI GONZALES BRANDS

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES